UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY CRAFTON,<br><br>        Plaintiff,<br>v.<br>JOHN DOE, *et al.*,<br>        Defendants. | Case No. 13-cv-1673-L(JMA)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On July 27, 2012, Plaintiff Billy Crafton commenced this action against John Doe defendants in the San Diego Superior Court. Plaintiff alleges six claims arising from Twitter accounts that used his name and photo that impersonated Plaintiff without consent. On June 19, 2013, Plaintiff served Defendant Fred Wray with the complaint. Thereafter, Defendant filed a notice of removal, removing this action to this Court. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

For the following reasons, the Court finds that Defendant's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

//

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

//
//
//
//

## II. ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, the defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). And the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendant fails to satisfy that requirement. *See* 42 U.S.C. § 1332.

Here, Plaintiff seeks general and special damages no less than $25,000, and "[p]unitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others." (Compl. Prayer.) He also seeks compensatory damages, attorneys' fees and costs, pre-judgment interest, declaratory judgment, and other injunctive relief. (*Id.*) However, a precise value for the amount in controversy is not given.

In his notice of removal, Defendant states that "[t]he amount in controversy in this action exceeds the value of $75,000, exclusive interest and costs." (Notice of Removal ¶ 8.) Nothing further is provided. Defendant does not direct the Court's attention to any evidence or allegations in the complaint that would support this conclusion. He does not even explain how or why the amount in controversy exceeds $75,000. This bare assertion without any support whatsoever is wholly inadequate.

## III. CONCLUSION & ORDER

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The facts presented in the notice of removal do not meet the burden of establishing removal jurisdiction. There is no value given for the amount in controversy and no explanation of how Defendant reached its conclusion that the amount in controversy exceeds $75,000. Therefore, the Court **REMANDS** this action to the

San Diego Superior Court.

**IT IS SO ORDERED**.

DATED: July 18, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN. M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL